IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv31

| | | |
|---|---|---|
| CHRISTOPHER D. ELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GARY KAUFMAN, et al. | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Plaintiff's Motion to Amend Complaint [# 32]. Plaintiff originally brought this action in state court asserting claims pursuant to 42 U.S.C. § 1983. Defendants then removed the action to federal court. Subsequently, Defendants moved to dismiss the Complaint [# 9, # 11, # 13] and for judgment on the pleadings [# 15]. Plaintiff now moves for leave to amend the Complaint to comply with the federal pleading requirements and correct typographical errors. The Court **GRANTS** the motion [# 32].

I. Analysis

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given

"when justice so requires."  Id.  Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006).

Plaintiff seeks leave to amend in order to plead claims related to each defendant with more specificity in order to comply with the federal pleading requirements.  Defendants Kaufman, Lovin, Watkins, and Wood consent to allowing Plaintiff leave to amend.  Defendants North Carolina Department of Correction and Officer Jonathan Church, however, oppose allowing Plaintiff an opportunity to amend his Complaint.  Defendants North Carolina Department of Correction and Church contend that leave to amend is improper in this case because Plaintiff seeks to amend in order to circumvent the pending dispositive motions and that the proposed amendments are futile.

Upon a review of the pleadings in this case, the Court finds that granting Plaintiff leave to amend is warranted in this case.  This is the first request made by Plaintiff to amend the Complaint.  Discovery has not commenced, and allowing Plaintiff leave to amend will not result in undue delay or prejudice to Defendants.  Moreover, the requests to amend was not made in bad faith.  Unlike Bailey v. Polk Cnty., N.C., No. 1:10cv264, 2011 WL 4565449 (W.D.N.C. Sept. 29, 2011),

Plaintiff did not wait until after the Court issued a Memorandum and Recommendation (or in this case an Order) recommending that the Court grant the defendants' motion to dismiss to move for leave to amend.

Although Defendants may or may not ultimately prevail on having some or all of the claims dismissed, the Court cannot say that the proposed amendments are so futile as to warrant denying Plaintiff an opportunity to amend. At this early stage of the proceedings, Plaintiff should be provided one opportunity to amend his Complaint and attempt to state a valid claim against each Defendant. Because allowing Plaintiff leave to amend will not result in undue delay or prejudice to Defendants, and the proposed amendments are not futile or made in bad faith, leave to amend is appropriate in this case. See Equal Rights Center, 602 F.3d at 603; Laber, 438 F.3d at 426-27. Accordingly, the Court **GRANTS** Plaintiff's motion [# 32].

**II.      Conclusion**

The Court **GRANTS** Plaintiff's Motion to Amend [# 32]. Plaintiff shall have seven (7) days from the entry of this Order to file his Amended Complaint. The Court **DENIES as moot**, the Motions to Dismiss [# 9, # 11, & # 13] and Motion for Judgment on the Pleadings [# 15].

Signed: December 20, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge