IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11 CV 31

| | |
|---|---|
| **CHRISTOPHER D. ELLER,** )  )  Plaintiff ) )  v ) )  **GARY KAUFMAN, et al.,** ) )  Defendants ) | **ORDER** |

**THIS MATTER** is before the Court pursuant to a Request for Judicial Settlement Conference (#61). In the Pretrial Order and Case Management Plan the undersigned had directed the parties to, within 21 days of the entry of the scheduling order, select and agree upon a mediator and file with the Court a report stating the identity of the mediator selected. The provisions of the scheduling order further state "if the parties are unable to agree upon a mediator they shall, within 21 days of the entry of this order, file with the Court a report stating they have been unable to agree upon a mediator and the reasons for such inability" (#60). Instead of selecting a mediator the parties have requested a judicial settlement conference. In their request, the parties state they are requesting a judicial settlement conference pursuant to Local Civil Rule 16(D)(1). Such a rule does not exist. It appears the parties are actually referencing Local Rule of Civil Procedure 16.3(D)(1) which states:

    **(D)**   **Judicial Settlement Conference**.

        **(1)**   **Mandatory Consideration.** The judicial officer to whom a case is assigned may, at any time, order the parties to participate in a

settlement conference to be convened by the Court. Any party may also request a judicial settlement conference.

There are several reasons for the denial of the Request.(#61) Local Rule of Civil Procedure 16.3(D)(3) provides as follows: "Any judicial officer of the district other than the judicial officer to whom the case is assigned for disposition may preside over a judicial settlement conference convened by the Court." The parties have stipulated to the jurisdiction of the undersigned in this case.(#61) As a result of this Local Rule, the undersigned could not conduct the judicial settlement conference. The undersigned would have to impose upon one of the judges of the District Court or one of the two magistrate judges whose offices are in Charlotte to conduct the judicial settlement conference. These judicial officials are already over burdened with their own work and it would be difficult for arrangements to be made for them to conduct such a settlement conference. If one of the two magistrate judges were selected, then the settlement conference would, in all likelihood, have to be conducted in Charlotte for a case in which the parties are, in large part, located in Cherokee County, North Carolina at the far western point of this state. Significant travel would be involved. The Local Rules contemplate that alternative dispute resolution be initially conducted through the use of a court approved mediator whose services are readily available and who can travel to a location to conduct the mediation which would be agreeable to the parties.

Finally, it has been the practice in this district that judicial settlement conferences are usually conducted only after there has been an unsuccessful mediation through the services of a court approved mediator. The use of a judicial settlement conference is a procedure that drains valuable judicial resources and it is important to

2

involve a judicial official only after all other available alternative dispute resolutions methods have been exhausted. For these reasons, the undersigned will deny the request for a judicial settlement conference and will again direct the parties to select a mediator. If the parties are unable to agree upon a mediator, then the parties should state the reasons for such inability and if the undersigned determines that the parties cannot select a mediator then the undersigned will select a qualified mediator to conduct the mediation in this matter.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the Request for Judicial Settlement Conference (#61) is **DENIED**. The parties are directed to, on or before **September 21, 2012**, select and agree upon a mediator and file with the Court a report stating the identity of the mediator selected. If the parties are unable to agree upon a mediator they shall, on or before **September 21, 2012**, file with the Court a report stating they have been unable to agree upon a mediator and the reason for such inability. At that time, after reviewing the reasons and if finding that they are meritorious, will then select a mediator for the parties to conduct the mediation in this matter.

Signed: August 31, 2012

Dennis L. Howell
United States Magistrate Judge

3